UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEROME ANDERSON,                                         :
                                                         :
                        Plaintiff,                       :
                                                         :
                v.                                       :  17-cv-539(VB)
                                                         :
SGT. ROBERT OSBORNE, CO MATTHEW                          :  **DEFENDANTS'**
ERNST, CO JAMES HENNIG, CO ROBERT                        :  **PROPOSED *VOIR DIRE***
SNEDEKER, CO JOSE MOREL, CO WARREN                       :
FREEMAN, and CO CHRISTOPHER DILLON,                      :
                                                         :
                        Defendants.                      :
------------------------------------------------------------X

Defendants by their attorney, LETITIA JAMES, Attorney General of the State of New York, respectfully request that the Court read the following preliminary statement to, and ask the following questions of, all prospective jurors:

### PRELIMINARY STATEMENT

In this action, Plaintiff Jerome Anderson, an inmate at all times confined to a prison operated by the New York State Department of Corrections and Community Supervision, alleges that Defendants Sergeant Robert Osborne and Correction Officers Matthew Ernst, James Hennig, Robert Snedeker, Jose Morel, Warren Freeman, and Christopher Dillon used excessive force against him on April 11-12, 2025, in various locations within Green Haven Correctional Facility ("Green Haven").

Specifically, Plaintiff alleges that on April 11, 2015, Sergeant Osborne, Correction Officer Ernst, Correction Officer Hennig, and Correction Officer Snedeker beat Plaintiff in the F&G corridor at Green Haven after Plaintiff refused to tell them what he had previously said to an investigator from the Office of Special Investigations about an unnamed sergeant at Green Haven. Afterward, Plaintiff alleges he was handcuffed and transported to the Special Housing Unit, or

"SHU," by Correction Officer Morel, Correction Officer Freeman, and Sergeant Carter. Plaintiff alleges that Correction Officerss Morel and Freeman beat him during this escort. Plaintiff alleges that after he arrived at the Special Housing Unit, he was then escorted, again by Correction Officer Morel, Correction Officer Freeman, and Sergeant Carter, to the Green Haven infirmary. During this escort, Plaintiff alleges that Correction Officers Morel and Freeman beat him again.

Plaintiff was then transported to an outside hospital, Putnam Hospital, and then back to Green Haven. Upon his return to Green Haven, which was late in the evening of April 11, or early in the morning of April 12, 2015, Plaintiff alleges he was escorted to the prison's infirmary by Correction Officers Dillon, Cabrera, and Lorenzo. Plaintiff alleges that Correction Officer Dillon beat him during this escort.

Defendants deny Plaintiff's allegations. Sergeant Osborne, Correction Officer Ernst, and Correction Officer Hennig allege Correction Officer Ernst brought Plaintiff to the F&G Corridor from the E&F Yard, where he had been observed as acting suspiciously. Correction Officer Hennig then pat-frisked Plaintiff and found contraband pills in Plaintiff's pocket. Sergeant Osborne was notified and, while Sergeant Osborne was speaking with Plaintiff about the contraband, Plaintiff punched Sergeant Osborne and Correction Officer Hennig in the face. The officers allege that Sergeant Osborne, Correction Officer Ernst, and Correction Officer Hennig then used necessary and reasonable force to stop Plaintiff's violent conduct and to restrain him in handcuffs. Once Plaintiff was restrained, Defendants allege that Plaintiff was then escorted, without incident, to the SHU by Correction Officer Snedecker and Sergeant Funk. Correction Officer Snedecker and Sergeant Funk then escorted Plaintiff from the SHU to the infirmary, again without incident.

Plaintiff was then transported to Putnam Hospital and back to Green Haven. Upon his return to the facility, Defendants allege that Sergeant Perry, Correction Officer Lorenzo, and Correction Officer Cabrera then escorted him, without incident, to the Green Haven infirmary.

Defendants all deny punching, kicking, or otherwise assaulting Plaintiff, or observing any officer assault Plaintiff. In addition, Defendants Morel and Dillon allege that they were not at work on either April 11 or 12, 2015.

## **GENERAL QUESTIONS**

1. Based on my summary, do you have any personal knowledge of the facts or allegations in this case?

2. Do you have any opinions regarding the nature of the allegations that may prevent you from being a fair and impartial juror in this case?

3. Have you heard, read, or seen anything though the media, internet, or any other source that you think, for any reason, may prevent you from rendering a fair and impartial verdict in this case?

4. Do any of you have any physical ailment or disability or personal problems that would prevent you from serving in this case for the duration of the trial?

5. Do any of you have any difficulty with your sight or hearing that could affect your serving as a juror?

6. Do any of you have any difficulty understanding or reading the English language?

7. Do any of you have any religious, moral or ethical beliefs which would prevent you from passing judgment on another person? If yes, please explain.

8. Under the law, the facts are for the jury to determine and the law is for the Court. The two areas are separate and distinct. At the end of the case, I will instruct you on the law, and you are required to accept the law as it is explained to you. It will be your job to determine the facts under my explanation of the law. Do any of you feel that you may not be able to apply the law, as I explain it, if you disagree with it?

## **TRIAL PARTICIPANTS**

1. Do any of you know me, Judge Briccetti, or any of my staff?

2. This is a civil lawsuit brought by plaintiff Jerome Anderson. Do any of you know Mr. Anderson? Or have any of you, to your knowledge, had any dealings, directly or indirectly, with Mr. Anderson, or with any relative, friend or associate of his?

3. There are seven defendants in this case. Do any of you know: Robert Osborne? Matthew Ernst? James Hennig? Robert Snedeker? Jose Morel? Warren Freeman? Christopher Dillon? Have any of you, to your knowledge, had any dealings, directly or indirectly, with any of the defendants, their relatives, friends or associates?

4. Plaintiff is represented by Michael D. Diederich, Jr. Do any of you know Mr. Diederich? Or have any of you, to your knowledge, had any dealings, directly or indirectly, with Mr. Diederich, or with any employees, of his law office?

5. Defendants are represented by Neil Shevlin and Deanna L. Collins of the New York State Attorney General's Office. Do any of you know Mr. Shevlin or Ms. Collins? Or have any of you, to your knowledge, had any dealings, directly or indirectly, with Mr. Shevlin or Ms. Collins, or with any employees or members of their Office?

6. Do any of you know, or are any of you familiar with, any of the following individuals, who may be witnesses or mentioned during this trial?

    a. Officer Coons

    b. Officer Wazinski

    c. Sergeant Funk

    d. Nurse Genet

    e. Officer G. Collins

    f. Officer Pierson

    g. Officer Hodge

    h. Officer Louis Cabrera

    i. Officer Christina Lorenzo

    j. Sergeant Perry

4

    k. Nurse Wang

    l. Deputy Superintended of Security Thomas Melville

    m. Dr. Robert Bentivegna

    n. Dr. Kevin Ott

    o. Dr. Mark Maxon

    p. Sergeant John ("Jack") Carter

7. Do you understand that the plaintiff is suing the defendants in their individual capacities and that this is not a suit against the New York State Department of Corrections and Community Supervision?

8. Are any of you familiar with Green Haven Correctional Facility?

9. As you look around the room, do any of you recognize anyone you know?

## **INTERACTION WITH THE STATE AND LAW ENFORCMENT**

1. Have any of you, any close friend of yours, or any member of your family, ever been an employee of the State of New York? Or any employee of New York State governmental agency, such as the Department of Corrections and Community Supervision or the Attorney General's Office? If yes, please describe.

2. Have any of you had any personal experience or interaction with any law enforcement agency, or any law enforcement officer? When I say "law enforcement officer," I mean a police officer, a parole officer, a corrections officer, an FBI agent, or anyone like that who is responsible for enforcing criminal laws.

    a. Would anything about that experience make it difficult for you to be fair and impartial in this case?

3. Have any of you, any family member of yours, or any close friend, ever been arrested? (come to sidebar if necessary).

    a. Would anything about that experience make it difficult for you to be fair and impartial in this case?

4. Have any of you, any family member, or any close friend, every been the victim of a crime? (sidebar if necessary)

    a. What were the circumstances?

    b. Will it impair your ability to be fair and impartial in this action?

5. Have any of you, any family member, or any close friend, ever worked at a prison or jail?

6. Have any of you, any family member, or any close friend, ever been incarcerated in any prison or jail?

7. Do any of you think you may be more or less likely to rule in plaintiff's favor simply because he is incarcerated in a prison?

8. Do any of you think you may be more or less likely to award money damages to a plaintiff just because the defendants are government employees or law enforcement officers?

9. Do any of you now have, or have you ever had, a lawsuit or a claim for compensation, against the State of New York or any of its agencies or employees?

10. Have any of you, any family member, or any close friend, ever had such a lawsuit or claim?

11. Do any of you, any family member, or any close friend, ever work as a law enforcement officer?

12. Have any of you, any family member, or any close friend, been involved in any way with the state or federal court systems?  The federal, state or local police?  Prison or parole systems?  Any other area of law enforcement?

    a. What was the capacity of the involvement?

    b. When did this involvement occur?

13. Have any of you, any family member, or any close friend, ever been physically assaulted? (sidebar if necessary)

    a. When?  Describe.  How did that experience affect you? Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

14. Have any of you, any family member, or any close friend, ever physically assaulted another person? (sidebar if necessary)

    a. When? Describe. How did that experience affect you? Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## **BACKGROUND QUESTIONS**

1. Without telling me your exact address, where do you live?

2. What kind of building is that (house, apartment, room)?

3. Do you own or rent?

4. How long have you lived in your current residence?

    a. Where else have you lived within the past ten years?

    b. Other than the New York metropolitan area, where else have you lived?

5. What level of education did you complete?

6. What is your occupation and title, and how long have you been at your current position?

    a. If you are retired, what did you do before you retired?

    b. What are/were your job duties and responsibilities?

7. Prior to your current job, what other occupations or positions have you held?

8. Who are the members of your household?

9. What do they do [occupation]?

10. Have any of you ever sat as a juror or grand juror before in any type of case?

    a. Was the case was in state or federal court?

    b. Was it was a civil or criminal matter?

    c. Without stating what your verdict was, was a verdict reached?

    d. Is there anything about your prior jury experience that would prevent you from acting as a fair and impartial juror in this case?

11. Have any of you, any family member, or any close friend, ever testified as a witness at

either a deposition, a trial or a grand jury investigation?

    a. What was the case about? Is there anything about that experience as a witness that would prevent you from acting as a fair and impartial juror in this case?

12. Have any of you, any family member, or any close friend, ever been a party to—that is, a plaintiff or a defendant—in any court case?

    a. Was the case in state or federal court?

    b. Was it a civil or criminal matter?

    c. What was it about?

    d. Is there anything about that experience as a party in a case that would prevent you from acting as a fair and impartial juror in this case?

13. Do any of have a family member or close friend who is a lawyer?

    a. What is your relationship to that person?

    b. What type of law does that person practice?

14. What do you like to do in your spare time?

15. What material do you enjoy reading? What topics interest you?

16. What newspapers and magazines do you like to read?

17. What television programs do you like watch?

18. Do you regularly read any blogs or internet publications? Which ones?

19. What social media outlets do you subscribe to? (E.g. Facebook, LinkedIn, Instagram, Reddit, etc.)

20. Do you regularly listen to any podcasts? Which ones?

21. What stations and programs do you listen to on the radio?

22. What organizations do you belong to?

23. From what sources do you get your news?

24. Have you ever served in the military?

    a. Which branch?

    b. What rank did you hold?

    c. What duties did you have?

    d. How were you discharged?

    e. Were you ever in the military police?

25. Aside from the questions that have already been asked, is there anything else that any of you believe that this Court, the Plaintiff, or the Defendants might want to know before deciding whether you should be selected to serve as a juror in this case?

26. Do you promise that you will not allow any consideration of race, religion or ethnic background to influence your evaluation of the evidence presented to you during this trial?

27. Would you like to sit on the jury for this case?

    a. Why?

28. Who do you consider a role model (alive or dead) and why?

Dated:  New York, New York
        January 17, 2020

                                        Respectfully submitted,

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        By:
                                        */s/Deanna L. Collins*
                                        DEANNA L. COLLINS
                                        BRUCE J. TURKLE
                                        Assistant Attorneys General
                                        28 Liberty Street, 18th Floor
                                        New York, NY 10005
                                        (212) 416-8906; -8524
                                        Deanna.Collins@ag.ny.gov
                                        Bruce.Turkle@ag.ny.gov

                                        Attorneys for Defendants