UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
JEROME ANDERSON,

       Plaintiff,

 -against-


SGT. OSBORNE ET AL,

       Defendants.
------------------------------------------------------------------

# PLAINTIFF'S TRIAL MOTION IN LIMINE
# REGARDING PATIENT-PHYSICIAN PRIVILEGE

17 Civ. 0539 (VB)

      MICHAEL D. DIEDERICH, JR.
      *Attorney for Plaintiff   MD 2097*
      361 Route 210
      Stony Point, NY 10980
      (845) 942-0795
      Mike@DiederichLaw.com

## MOTION IN LIMINE

Plaintiff Jerome Anderson submits this motion *in limine* regarding defendant's desire to bolster its case by violating plaintiff's statutory physician-patient privilege.

Plaintiff Anderson has testified as to his damages, and contemporaneously prepared medical records have been admitted into evidence.

Defendants' have indicated their desire to use plaintiff's physicians – presumably physicians licensed to practice medicine by the State of New York – to testify against plaintiff.

*Expert testimony unanticipated*

If defendants intend to use these witnesses to testify as experts, defendants should set forth the legal basis for allowing expert testimony, as it does not appear from the pretrial order herein ("PTO") that Defendants' notified plaintiff of any potential use by medical personnel as experts (as opposed to fact witnesses). For example, the pretrial order indicates defendants intention to offer Dr. Kevin Ott as a witness (it does not specify expert witness) to "testify as to plaintiff's medical conditions with an emphasis on plaintiff's complaints of headache and eye floaters." (PTO ¶ 21)

Plaintiff has not testified as to complaints of headaches, and the parties stipulated that he will not testify as to eye floaters. Thus, there does not appear to be a need for any testimony by defendants on these subjects that plaintiff has not raised (and I do not expect my client will raise – something I will discuss with him in court, as he is in confinement).

Fact testimony

Dr. Ott may be employed by defendants to testify as to the "medical conditions" that are reflected on the medical documents that have already been introduced into evidence. However, the medical documents speak for themselves, and if all Dr. Ott will do is restate what is written in the paperwork, this does not appear to be a sufficient basis to delay the trial.

Nurse Wang may be employed by defendants to testify about:

> "her interactions with plaintiff on April 11 or 12, 2015, upon plaintiff's return to Green Haven from Putnam Hospital Center and admission to Green Haven's infirmary and the plaintiff did not advise her that he had been assaulted by someone on his way to the infirmary." PTO ¶ 21.

As to the testimony of any medical provider to inmate Anderson, the plaintiff herein, there are significant physician-patient concerns, discussed next.

### The Physician-Patient Privilege in New York

New York provides statutory protection against disclosure of communications between physicians and their patients. *Specifically,* CPLR § 4504 provides in relevant part:

> "Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, … shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

It appears that a New York State-licensed physician may be required to respect the State law.

Obviously, my client has the ability to expressly waive the privilege, but based upon the case as it now stands, where there does not appear to be a bona fide need for the defendants to intrude into this rather sacrosanct privilege, plaintiff Anderson declines to provide his consent absent a court directive that he do so.

The State New York deeply respects the importance of allowing patients to communicate freely and in confidence with their health care providers, even patients who are inmates of the New York State Department of Corrections. *See, e.g., Matter of New York City Health and Hospitals Corp. v New York State Com'n of Correction*, 969 N.E.2d 765, 769–70, 946 N.Y.S.2d 547, 551–52 (2012) N.Y. Slip Op. 03571, 2012 WL 1580435 (N.Y., May 08, 2012).

2

However, the undersigned preliminary research indicates that federal law does not yet contain a physician-patient privilege. *See, e.g., E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 122–23 (W.D.N.Y.,2009); *Barnes v. Glennon*, 2006 WL 2811821, at *4–5 (N.D.N.Y.,2006); *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977); *In re Doe*, 711 F.2d 1187, 1193 (2d Cir.1983).

Yet this should not be the end of the inquiry. As stated in *E.E.O.C. v. Nichols Gas & Oil, Inc.*, supra:

> Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Such an order may forbid disclosure altogether, or, among other measures, "limit[ ] the scope of disclosure or discovery to certain matters." Fed.R.Civ.P. 26(c)(1)(A) and (D). Thus, "although Rule 26(c) contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *In re Sealed Case (Medical Records),* 381 F.3d at 1215 (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n. 21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)); *Kunstler,* 2006 WL 2516625 at *11 ("courts are to give weight to legitimate privacy interests even if the information in question is not protected by an enforceable privilege"). In other words, Rule 26(c) authorizes the court to "fashion a set of limitations that allows as much relevant information to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests—including privacy and other confidentiality interests—that might be harmed by the release of the material sought." *Pearson v. Miller,* 211 F.3d 57, 65 (3d Cir.2000).

Finally, the US Supreme Court has upheld the psychiatrist/psychologist-patient privilege, and if inmate Anderson discussed psychological issues (for example, posttraumatic stress disorder symptoms) with the correctional facilities medical personnel such communications should be deemed privileged and confidential. *See, Jaffee v. Redmond*, 518 U.S. 1, 10, 116 S.Ct. 1923, 1928, (1996).

Besides the possibility that psychological topics were discussed between the correctional medical staff and inmate Anderson, the court should consider the chilling effect of allowing

3

medical personnel to reveal material clearly privileged as confidential under New York State law. Inmates may decline to provide truthful information and thereby harmed their own medical care. Moreover, inmates may be deceived into believing that a privilege exists (as it does under state law) only to find that wrongdoing defendants can intrude into the privilege after the inmate files a civil rights lawsuit under 42 U.S.C. § 1983.

### Relevancy and Materiality

Even if the physician-patient privilege provided by state law can be ignored by this federal court, the court may nevertheless determine that the trial should not be delayed to accommodate the medical witnesses schedules, because defendants have not shown how the expected testimony of these witnesses is so weighty as to cause the delay of this trial, inconveniencing especially the court and the jury.

### CONCLUSION

The Court should not allow Defendants' witnesses to testify as experts; should consider that the State-licensed medical personnel may be forced to testify in violation of New York State statute; and should not delay the trial absent Defendants' proffering a strong evidentiary need for such witnesses.

Dated:  Stony Point, New York
         February 12, 2020

                                            /S/
                              MICHAEL D. DIEDERICH, JR.
                              *Attorney for Plaintiff   MD 2097*
                              361 Route 210
                              Stony Point, NY 10980
                              (845) 942-0795
                              Mike@DiederichLaw.com