**MICHAEL D. DIEDERICH, JR.**
*Attorney at Law*
**361 Route 210**
**Stony Point, NY 10980**
**(845) 942-0795**
**(845) 942-0796 (fax)**
**www.DiederichLaw.com**

*Law Practice concentrating in employment law,*
*employment discrimination, civil rights law*

February 25, 2020

Hon. Vincent L. Briccetti, USDJ
U.S. Courthouse
300 Quarropas Street
White Plains, NY  10601


RE:  *Anderson v. Sgt. Osborne et al*, 17 Civ. 0539—
Request for copy of Trial Transcript, perhaps with lien on file


Dear Judge Bricetti:

     I requested an electronic copy of the trial transcript on behalf of my client, Jerome Anderson, so that he can defend against the anticipated post-verdict motion and/or appeal of the liable defendants.

     First, since opposing counsel already possesses a copy of the transcript, there is no cost imposed upon Defendants to provide Plaintiff with <u>its</u> copy. The reporter has already been paid for the transcript. Allowing duplicative payment to the court reporter is unfair for my impecunious client.

     Second, my client may be entitled to such transcript, which I requested under the N.Y.S. Freedom of Information Law ("FOIL").  I request that opposing counsel explain why my client has no right to its copy of the trial transcript under FOIL.[1]

---

[1] N.Y.S. Public Officers Law § 84 states, in part, that:

> "The people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality."

  It does not appear that the N.Y.S. Attorney General's Office—an "agency" of the State, has any basis for withholding the trial transcript under FOIL.  *See, e.g*., POL § 87.  FOIL exempts <u>state</u> court proceeding.  However, the FOIL exemption for the "judiciary" does <u>not</u> apply to the federal courts, POL § 86(1).  Accordingly, because FOIL presumptively requires disclosure, the AG presumptively must disclose absent its identification of an applicable exemption.  Moreover, because the AG intends to make the transcript public via motion or appeal, any exemption is lost.  *See, e.g., Moore v. Santucci,* 151 AD 2d 677 (2d Dept. 1989).  I request that the Court inquire of the AG whether it has the legal authority to

Third, 28 U.S.C. § 753(f) states that a court reporter "<u>may</u> charge and collect fees for transcripts requested by the parties…." (*emphasis added*)  Thus, it appears that the reporter can permissibly provide the transcript without cost, at her option.

Finally, perhaps Reporter Sue Ghorayeb would be willing to a reasonable lien on the file for the court reporter fee, in an agreeable amount, recoverable upon satisfaction of the judgment.

The Court's consideration is appreciated.

                                              Respectfully submitted,

                                               /S/
                                          Michael Diederich, Jr.

cc: opposing counsel
       Via ECF & email

---

withhold the requested transcript under FOIL.