UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JEROME ANDERSON,  :
                      Plaintiff,  :
v.  :
                                                        **OPINION AND ORDER**
SGT. ROBERT OSBORNE;  :
C.O. MATTHEW ERNST;  :               17 CV 539 (VB)
C.O. JAMES HENNIG; and  :
C.O. ROBERT SNEDEKER,  :
                      Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Jerome Anderson commenced this action pro se pursuant to 42 U.S.C. § 1983, alleging defendants Sergeant ("Sgt.") Robert Osborne and Correction Officers ("C.O.") Matthew Ernst, James Hennig, and Robert Snedeker, among others, used excessive force against him while he was incarcerated at Green Haven Correctional Facility, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

        On February 14, 2020, after a four-day trial, the jury returned a verdict in plaintiff's favor, in the total amount of $650,000. On October 20, 2020, the Court entered an Amended Judgment for plaintiff, comprising compensatory damages in the amount of $75,000 against all four defendants, as well as punitive damages of $275,000 against Sgt. Osborne, $125,000 against C.O. Ernst, $125,000 against C.O. Hennig, and $50,000 against C.O. Snedeker. Defendants did not take an appeal, and the Court has been advised the Amended Judgment has been paid in full.

        Now pending is plaintiff's motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b). (Doc. #163).

        For the following reasons, the motion is DENIED.

1

## BACKGROUND

The Court presumes the parties' familiarity with the procedural and factual background of this case, and summarizes the facts only to the extent necessary to resolve the pending motion.

In late 2018, after the completion of discovery, the Court contacted Michael D. Diederich, Jr., Esq., to ask if he was interested in volunteering to represent plaintiff pro bono at trial. Mr. Diederich agreed to do so. Thereafter, according to Mr. Diederich's declaration submitted in support of the instant motion, Mr. Diederich and plaintiff executed a retainer agreement whereby Mr. Diederich agreed to represent plaintiff on a contingency fee basis. This agreement entitled Mr. Diederich to one-third of any recovery plaintiff obtained. The Court was not made aware of the retainer agreement or the contingency fee arrangement therein.

At Mr. Diederich's request, Donald Mallo, Esq., and Stephen Bergstein, Esq., assisted Mr. Diederich in his representation of plaintiff. Mr. Mallo is an attorney admitted to this Court, but he did not file a notice of appearance in this case. Mr. Mallo primarily assisted Mr. Diederich in preparing for trial. Mr. Bergstein assisted Mr. Diederich with post-trial motions.

Mr. Diederich began his preliminary review of the case in December 2018, and continued his representation throughout 2019. The four-day jury trial began on February 11, 2020, and concluded on February 14, 2020, when the jury returned a verdict for plaintiff in the amount of $650,000.

On February 19, 2020, Mr. Diederich sent plaintiff a second retainer agreement governing Mr. Diederich's defense of the jury verdict rendered in plaintiff's favor. The second retainer agreement provided that Mr. Bergstein would assist Mr. Diederich in any post-verdict efforts and would be paid by plaintiff at a rate of $400/hour. Plaintiff agreed to the terms of the second retainer agreement by initialing the proposal.

On March 23, 2020, defendants moved for judgment as a matter of law pursuant to Rule 50(b) or, in the alternative, for a new trial pursuant to Rule 59, or to vacate or remit the damages awards. Mr. Diederich and Mr. Bergstein opposed defendants' motion on plaintiff's behalf. By Opinion and Order dated October 20, 2020, the Court denied the motion.

Plaintiff thereafter filed the instant motion seeking an award of attorney's fees.

After reviewing plaintiff's motion, the Court conducted a conference on May 3, 2021, to clarify whether Mr. Diederich sought statutory fees under Section 1988 in addition to the one-third contingency fee. Mr. Diederich said he did. After expressing its displeasure at Mr. Diederich's position, the Court directed Mr. Diederich to submit a letter by June 1, 2021, indicating whether he intended to continue to seek statutory fees in addition to the contingency fee.

On June 1, 2021, Mr. Diederich filed his letter. In the letter, Mr. Diederich requests that the Court grant plaintiff's application for attorney's fees pursuant to Section 1988. He also maintains that his contingency fee arrangement is appropriate in this matter. The letter states that plaintiff has already paid Mr. Diederich the contingency fee agreed to in the retainer agreement, and that Mr. Diederich intends to return to plaintiff any statutory fee award the Court approves, after first deducting the amount plaintiff has agreed to pay Mr. Bergstein for his post-verdict work, to partially reimburse plaintiff for the contingency fee.

## DISCUSSION

I. <u>Legal Standard</u>

Pursuant to Section 1988, "[i]n any action or proceeding to enforce a provision of [Section 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable

attorney's fee as part of the costs." 42 U.S.C. 1988(b).[1]  "Determining whether an award of attorney's fees is appropriate is a two-step inquiry." Diamond v. O'Connor, 417 F. App'x 104, 105 (2d Cir. 2011) (summary order). "First, fees may be awarded only to a 'prevailing party.'" Id. "A prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties by court order." Garcia v. Hebert, 622 F. App'x 21, 22 (2d Cir. 2015) (summary order). Second, the fee must be reasonable. "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Restivo v. Hessemann, 846 F.3d at 589 (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).

To demonstrate a fee is reasonable, "the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." Creighton v. Dominican Coll., 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). The Supreme Court has further instructed:

> The fee applicant . . . must . . . submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011). The party seeking attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Moreover, when a plaintiff has entered into a contingency fee agreement with his or her counsel and also seeks a statutory award under Section 1988, the Court utilizes its supervisory power to formulate a fee award that ensures the amount paid to the attorney would not result in a windful recovery. See Wheatley v. Ford, 679 F.2d 1037, 1041 (2d Cir. 1982). "Although the existence of a contingency contract is not sufficient reason to deny an award under section 1988, the civil rights statutes should not be construed to provide windfall recoveries for successful attorneys." Id. "Section 1988's aim is to enforce the covered civil rights statutes, not to provide a form of economic relief to improve the financial lot of attorneys." Perdue v. Kenny A. ex rel. Winn, 559 U.S. at 552. The Court retains "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008).

The Prison Litigation Reform Act ("PLRA") further restricts the fees a court may award the prevailing party in an action brought by a prisoner. See Shepherd v. Goord, 662 F.3d 603, 606 (2d Cir. 2011). Those restrictions include:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
>
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>>
>> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>>
>>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) <u>Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant</u>. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under Section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d) (emphasis added).

Thus, once a Court determines an award of attorney's fees is appropriate under the PLRA, the award is first paid out of the prisoner's award of damages. Only if the award of attorney's fees exceeds 25% of the judgment is a defendant required to cover the balance, up to 150% of the judgment. See Murphy v. Smith, 138 S. Ct. 784, 790 (2018).

II. Application

As an initial matter, when the Court asked Mr. Diederich if he was interested in representing plaintiff pro bono at trial, it did not contemplate that Mr. Diederich would enter into a contingency fee agreement with plaintiff.[2] The Court must emphasize its displeasure with Mr. Diederich's contingency fee agreement, as the Court is not in the business of referring clients to practicing attorneys.[3] However, despite its displeasure, the Court will not disrupt the contingency fee agreement in this case. See Alderman v. Pan Am World Airways, 169 F.3d 99, 102–03 (2d Cir. 1999) (noting courts should be reluctant to disturb contingent fee arrangements because "a contingency agreement is the freely negotiated expression both of a client's

---

[2] As Mr. Diederich accurately sets forth in his declaration in support of the application for attorney's fees, he told the Court he "would be willing to volunteer to undertake the representation of any pro se litigant whose case was heading towards trial, in the interest of 1) assisting the Court with its docket, recognizing that pro se cases are difficult for the court to manage at trial, and 2) refreshing and keeping current [his] jury trial skills." (Doc. #164, ¶ 4).

[3] Indeed, in ten years on the bench, this Court has appointed pro bono counsel in numerous civil rights cases, and counsel have either worked for free or been satisfied with a recovery of statutory attorney's fees in the event their client prevailed. So far as this Court is aware, this is the first time such pro bono counsel entered into a contingency fee arrangement with the client he or she volunteered to represent.

willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment").

Nevertheless, an award of statutory attorney's fees under Section 1988 in addition to the contingency fee plaintiff's counsel has already been paid would result in a windfall recovery for counsel. Therefore, in an exercise of its discretion, the Court declines to grant the application for a statutory fee award.

According to Mr. Diederich's June 1, 2021, letter, plaintiff has already paid the agreed-upon contingency fee of $216,667 for Mr. Diederich's successful representation of plaintiff at trial. Now, Mr. Diederich requests that the Court award statutory attorney's fees in the amount of $49,309—including $228 per hour for legal work, $228 per hour for travel reduced by 50%, and $496 in costs.[4] However, as discussed above, because this action is governed by the PLRA, any statutory fees awarded to plaintiff under Section 1988 must first be paid out of plaintiff's judgment, up to 25% of the judgment. Therefore, granting the application for statutory attorney's fees here would increase Mr. Diederich's fees from $216,667 to $265,976 and reduce by $49,309 the amount plaintiff would receive from the judgment. It would also increase Mr. Diederich's share of the judgment from 33.3% to approximately 41%.[5] Such a windfall would

---

[4] "Since the aim of section 1988 'is to enable civil rights plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail,' the right to collect attorneys' fees under section 1988 belongs to the prevailing party rather than his attorney." Gonzalez v. City of New York, 2007 WL 9706463, at *6 (E.D.N.Y. Jan. 3, 2007) (quoting Venegas v. Mitchell, 495 U.S. 82, 86–87 (1989)).

[5] One-third of $650,000 is approximately $216,667. If $49,309 is added to this amount, the total is $265,976. However, as discussed above, in Murphy v. Smith, the Supreme Court held "[i]n cases governed by § 1997e(d), . . . district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." 138 S. Ct. at 790. This is unlike cases governed exclusively by Section 1988, in which the losing defendant is required to pay reasonable attorney's fees to the prevailing plaintiff. See Venegas v. Mitchell, 495 U.S. at 90

not further the ends of the statute and would serve only to harm plaintiff's interests.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. at 559 ("[U]njustified enhancements that serve only to enrich attorneys are not consistent with the statute's aim.").

In his June 1, 2021, letter, Mr. Diederich insists there will be no duplicate or double payment of attorney's fees because he will "pay (or authorize the payment of) the balance of any fee award to [plaintiff], to partially reimburse him the contingency fee he has paid to [Mr. Diederich]."  (Doc. #176 at 5).  This proposal is nonsensical and can only be based on the mistaken belief that the requested statutory attorney's fees would be paid by defendants.  However, as the Court repeatedly explained during the May 3, 2021, conference, <u>the attorney's fees requested in plaintiff's application must first be paid out of plaintiff's judgment, up to 25% of the judgment</u>.  Therefore, granting the statutory attorney's fee application would result in duplicate or double payment of attorney's fees to Mr. Diederich.

Further, the duplicative recovery requested here is particularly inappropriate in light of Mr. Diederich's and his co-counsels' limited representation of plaintiff in this matter.  Mr. Diederich did not become involved in this case until it was ready for trial.  He did not draft a complaint, engage in dispositive motion practice, or participate in discovery or settlement conferences.  Although Mr. Diederich did a fine job preparing for and trying the case, resulting in a substantial recovery for his client, unlike in other actions when attorneys and clients enter into contingency fee arrangements, Mr. Diederich incurred very little risk that he would expend <u>significant</u> time and effort pursuing a case that would not result in a verdict or settlement for

---

(permitting attorney to collect under contingency fee agreement because "§ 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer").

plaintiff. Thus, Mr. Diederich's receipt of $216,667 pursuant to the contingency fee agreement is more than enough to compensate him for his representation of plaintiff in this case.[6] Moreover, the availability of an award of attorney's fees under Section 1988 is sufficient to ensure that competent attorneys continue to protect the civil rights of injured plaintiffs in civil rights cases.

Accordingly, awarding statutory attorney's fees under Section 1988 would permit plaintiff's counsel to receive a windfall at his client's expense. The Court denies the fee application to avoid that result.[7]

**CONCLUSION**

The motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #163).

Dated: June 7, 2021
      White Plains, NY            SO ORDERED:

                                                      Vincent L. Briccetti
                                                      United States District Judge

---

[6] Indeed, in his declaration in support of the fee application, Mr. Diederich states that he expended 140 hours on the case. Given that he has already received a contingency fee payment of $216,667, he has effectively been paid approximately $1,500 per hour for his efforts.

[7] Courts formulating a fee award to avoid windfall recoveries for successful attorneys often grant plaintiff's application for fees and then reduce the fee owed to the attorney under the contingency fee agreement by the amount of statutory award. See Wheatley v. Ford, 679 F.2d at 1041 ("[T]o the extent counsel receives payment of the section 1988 statutory award, his claim for services rendered under his contingency fee arrangement with his client shall be deemed paid and satisfied."). Here, however, Mr. Diederich has already been paid under the contingency fee agreement. Therefore, the Court cannot grant the requested statutory fees and deem the contingency fee paid and satisfied.